```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x       21 CR 22

UNITED STATES OF AMERICA            :

     - v. -                         :       INFORMATION

MEYYA MEYYAPPAN,                    :       21 Cr. ___ ( )

          Defendant.                :

- - - - - - - - - - - - - - - - - x
```

## COUNT ONE
### (False Statement to a Federal Agent)

The Acting United States Attorney charges:

1. Since in or about 1996, MEYYA MEYYAPPAN, the defendant, has been employed by the National Aeronautics and Space Administration ("NASA"), an independent U.S. government agency responsible for the civilian space program, as well as aeronautics and aerospace research. From in or about 2006 through the date of this Information, MEYYAPPAN was employed as Chief Scientist, Exploration Technology at the Center for Nanotechnology, at NASA's Ames Research Center at Moffett Field in Silicon Valley, California.

2. In his position at NASA, MEYYA MEYYAPPAN, the defendant, was subject to certain statutory, regulatory, and agency restrictions and reporting requirements regarding, among other things, outside employment, travel, and compensation.

3. For example, in or about 2011, Congress passed the Department of Defense and Full-Year Appropriations Act, Public Law 112-10, and the Consolidated and Further Continuing Appropriations Act of 2012, Public Law 112-55 (collectively, the "Acts"). Under the so-called China Exclusion Policy set forth in the Acts, NASA was prohibited from using appropriated funding to enter into or fund any grant or cooperative agreement of any kind to participate, collaborate, or coordinate bilaterally in any way with China or any Chinese-owned company. NASA defined "China or any Chinese-owned company" to include Chinese universities because Chinese universities are considered to be incorporated under the laws of the People's Republic of China ("PRC").

4. As a NASA employee, MEYYA MEYYAPPAN, the defendant, was prohibited by federal regulation from engaging in any outside employment activities, without approval, meaning any form of compensated or uncompensated non-Federal employment or business relationship involving the provision of personal services by the employee, including as a speaker or teacher. See Title 5, Code of Regulations, Section 6901.103.

5. MEYYA MEYYAPPAN, the defendant, was also required by federal regulation to file annually with the U.S. Office of Government Ethics ("OGE") a public financial disclosure report on OGE Form 278e (a "Public Financial Disclosure Report"). See Title 5, Code of Federal Regulations, Sections 2634 & 2635. Among other

things, MEYYAPPAN was required to disclose to OGE and NASA any positions held outside the United States government, any employment agreements and arrangements, any sources of income exceeding $5,000, and any gifts and travel reimbursement, and to "certify that the statements [he] made on [the Public Financial Disclosure Report] and all attached schedules are true, complete and correct to the best of my knowledge."

6. The PRC's Thousand Talent Program ("Thousand Talents Program") is a program established by the Chinese government to recruit individuals with access to or knowledge of foreign technology or intellectual property. In or about 2016, MEYYA MEYYAPPAN, the defendant, applied for admission to the Thousand Talents Program. Thereafter, MEYAYAPPAN was accepted into and participated in the Thousand Talents Program, including by traveling to China and recommending others for admission to the Thousand Talents Program.

7. Between at least in or about 2014 and at least in or about 2020, MEYYA MEYYAPPAN, the defendant, was a visiting professor at a research university in China funded by the PRC ("University 1"). In that capacity, MEYYAPPAN traveled to China, gave lectures, wrote research papers, and received reimbursement for his travel.

8. Between at least in or about 2009 and at least in or about 2020, MEYYA MEYYAPPAN, the defendant, was a distinguished

visiting professor at a research university in South Korea ("University 2"). In that capacity, MEYYAPPAN traveled to South Korea, gave lectures, wrote research papers, and received reimbursement for his travel.

9. Between at least in or about 2013 and at least in or about 2020, MEYYA MEYYAPPAN, the defendant, was a visiting professor at a research university located in Japan ("University 3"). In that capacity, MEYYAPPAN traveled to Japan, gave lectures, wrote research papers, and received reimbursement for his travel.

10. MEYYA MEYYAPPAN, the defendant, did not disclose to NASA his association with the Thousand Talents Program, his employment by University 1, University 2, or University 3, and the related compensation and reimbursements that he received, nor did he disclose his travel to China, South Korea, or Japan.

11. For example, between at least in or about 2012 and in or about 2019, MEYYAPPAN failed to disclose on his Public Financial Disclosure Reports his membership in the Thousand Talents Program, his professorships at universities in China, South Korea, and Japan, and the related compensation and travel reimbursements.

12. On or about October 27, 2020, MEYYA MEYYAPPAN, the defendant, was interviewed by the Federal Bureau of Investigation ("FBI"), the NASA Office of Inspector General ("NASA OIG"), and

the United States Attorney's Office for the Southern District of New York ("USAO"), in New York, New York. During that interview, MEYYAPPAN falsely stated, among other things, that he was not a member of the Thousand Talents Program, and that he did not hold a professorship at University 1.

### Statutory Allegation

13. On or about October 27, 2020, in the Southern District of New York and elsewhere, MEYYA MEYYAPPAN, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, willfully and knowingly, falsified, concealed, and covered up by trick, scheme, and device a material fact, and did make a materially false, fictitious, and fraudulent statement and representation, to wit, during an interview with the FBI, the NASA OIG, and the USAO in New York, New York, MEYYAPPAN falsely stated, among other things, that he was not a member of the Thousand Talents Program and that he did not hold a professorship at University 1, when, in truth and fact, MEYYAPPAN was a member of the Thousand Talents Program and held a professorship at University 1.

(Title 18, United States Code, Section 1001.)

AUDREY STRAUSS
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

**MEYYA MEYYAPPAN,**

Defendant.

---

**INFORMATION**

21 Cr. \_\_\_\_ ( )

(18 U.S.C. § 1001.)

_____
AUDREY STRAUSS
Acting United States Attorney

---

Filed 1/13/2021

_____
P. Kevin Castel
United States District Judge